JACK A. McDONALD, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McDonald v. Commissioner
Docket No. 5623-71.
United States Tax Court
T.C. Memo 1974-57; 1974 Tax Ct. Memo LEXIS 262; 33 T.C.M. (CCH) 274; T.C.M. (RIA) 74057; March 7, 1974, Filed. *262 Petitioner was a member of the United States Air Force and was permanently stationed at a post of duty where no meal or lodging facilities were provided. Held: The living expenses incurred by petitioner in excess of those reimbursed by the Air Force are not deductible as ordinary and necessary business expenses. Jack A. McDonald, pro se. Donald W. Mosser, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent has determined a deficiency in petitioner's income tax for the year 1968 in the amount of $873.01. The only issue remaining for our decision is whether petitioner, who was permanently stationed at a post of duty while in the military, may deduct as ordinary and necessary business expenses the amounts that he allegedly expended for living expenses and that *263 were not reimbursed by the military. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Jack A. McDonald (hereinafter referred to as petitioner) was a legal resident of San Jose, California, at the time the petition was filed in this case. Petitioner filed his individual Federal income tax return for the year 1968 with the district director of internal revenue, Boston, Massachusetts. Petitioner was ordered to active duty with the United States Air Force on June 18, 1968. At the time of his activation, petitioner was residing at his parents' residence in Manchester, New Hampshire. From the date of activation until January 22, 1970, when he was discharged, petitioner was stationed at the United States Air Force Satellite Control Facility in Sunnyvale, California. While at this facility, petitioner had the title of Data Processing Machine Operator. Because the Air Force did not provide living quarters or meal facilities for military personnel stationed at the Sunnyvale facility, petitioner was required to rent his own apartment and supply his own meals and transportation. Petitioner received a $99 per month allowance from the military to *264 cover the cost of these expenses. In the Sunnyvale area, however, this allowance was not sufficient to pay for all of petitioner's living expenses. OPINION The only issue is whether petitioner is entitled to deduct his unreimbursed living expenses as ordinary and necessary business expenses. Petitioner contends that he was on temporary active duty during 1968 and that his living expenses are deductible as business expenses incurred in travel while away from home. The respondent argues that the expenses in issue are nondeductible personal expenses pursuant to section 262 of the Internal Revenue Code of 1954, and furthermore that the petitioner has not substantiated the amount of these expenses. We conclude that petitioner's duty station at Sunnyvale facility was of a permanent and indefinite nature and that petitioner therefore is not entitled to deduct as a business expense the cost of meals and lodging while he was stationed there. We base this conclusion on the decision in Commissioner v. Stidger, 386 U.S. 287 (1967), in which the Supreme Court said: * * * Given the Commissioner's longstanding and judicially approved interpretation, the *265 knowledge of that interpretation by Congress, and the fact that Congress has chosen to deal specially by tax-free allowances with the financial problems peculiar to military life, we must agree with the Commissioner that the military taxpayer is not "away from home" when he is at his permanent duty station whether or not it is feasible or even permissible for his family to reside with him there. * * * We therefore hold that the expenses petitioner incurred for meals and lodging while he was stationed at the Sunnyvale facility are nondeductible personal expenses. Having determined that petitioner's "home" was Sunnyvale, California, during the year in issue, we hold that petitioner is not entitled to deduct as a business expense the costs of operating his automobile. Based on the available evidence, we can only assume that these expenses related to commuting from the petitioner's apartment to his place of employment. It is clearly established that such commuting expenses are of a personal nature and accordingly nondeductible. Chas. H. Sachs, 6 B.T.A. 68 (1927); Leo M. Verner, 39 T.C. 749 (1963). Decision will be entered for the respondent.